UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN W. WILLIAMS,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>M. SAMBOA, et al.,<br><br>　　　　Defendants. | No. 1:20-cv-00287-DAD-EPG (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND ORDERING PLAINTIFF TO PAY THE REQUIRED FILING FEE IN ORDER TO PROCEED WITH THIS ACTION<br><br>(Doc. Nos. 2, 5) |

　　Plaintiff John W. Williams is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　On March 5, 2020, the assigned magistrate judge issued findings and recommendations, recommending that plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) be denied and that he be ordered to pay the required filing fee in full. (Doc. No. 5.) The magistrate judge concluded that because plaintiff has accumulated at least three prior "strikes" under the Prison Litigation Reform Act (PLRA") and had not shown that he was in imminent danger of serious physical injury at the time he filed his complaint, he was not eligible to proceed *in forma pauperis*. (*Id.* at 2–4.) The findings and recommendations were served on plaintiff and contained
/////

1

notice that any objections thereto were to be filed within twenty-one (21) days of service. (*Id.* at 4.) On March 18, 2020, plaintiff filed timely objections. (Doc. No. 6.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 304, the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including plaintiff's objections, the court concludes that the findings and recommendations are supported by the record and proper analysis.

In his objections, plaintiff contends that he qualifies for the imminent danger exception to the three-strikes rule. "Prisoners qualify for the exception based on the alleged conditions at the time the complaint was filed," and "the exception applies if the danger existed at the time the prisoner filed the complaint." *Andrews v. Cervantes*, 493 F.3d 1047, 1052–53 (9th Cir. 2007). Because plaintiff is proceeding *pro se*, this court "must liberally construe his allegations." *Id.* at 1055. Finally, "§ 1915(g) concerns only a threshold procedural question—whether the filing fee must be paid upfront or later. Separate PLRA provisions are directed at screening out meritless suits early on." *Id.* Thus, "the exception applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing," and "a prisoner who alleges that prison officials continue with a practice that has injured him or others similarly situated in the past will satisfy the 'ongoing danger' standard and meet the imminence prong of the three-strikes exception." *Id.* at 1055–57.

Plaintiff's complaint in this action was filed on February 10, 2020. (*See* Doc. No. 1 at 19.) On the first page of his complaint, plaintiff anticipatorily asserted that he is "under Imminent Danger pursuant to Andrews v. Cervantes, 493 F.3d 1047, 1050 (9th Cir. 2007)," but provided no facts substantiating that claim. (Doc. No. 1 at 1.) In finding that plaintiff did not qualify for the imminent danger exception to § 1915(g), the magistrate judge noted that "nothing in [the] complaint suggests that Plaintiff was in imminent danger or serious physical injury *at the time he file the action*" because "months passed from the date Plaintiff was [allegedly] assaulted" by prison officials on August 4, 2019 "and no further incidents [of alleged assaults] occurred." (Doc. No. 5 at 4) (emphasis added). In his objections to the pending findings and recommendations, plaintiff realleges the facts relating to the alleged August 4, 2019 assault he

2

suffered at the hands of prison officials and argues that "the beating and threats from the initial 8/14/19 incident were real and created a serious threat of ongoing physical harm." (Doc. No. 6 at 4–5.) Moreover, plaintiff notes that he has a tendency to cut himself and that "the fear, anger, anxiety, etc., etc., as a direct result of the [August 4, 2019 incident] . . . did cause urge to cut in self injurious behavior while at CSP from 1.24.20 , thru 2.24.20 for relief and to cope with stress." (*Id.* at 5; *see also* Doc. No. 1 at 6.) However, neither of plaintiff's objections meaningfully disputes the magistrate judge's finding that he does not qualify for the imminent danger exception under § 1915(g).

With respect to plaintiff's first argument, the fact that he was physically assaulted on August 14, 2019 by itself does not plausibly allege that he was in imminent danger at the time that he filed his complaint approximately six months later. A plaintiff must allege facts demonstrating that he was in imminent danger at the time he filed his complaint to qualify for the exception. With respect to plaintiff's argument that he cuts himself to deal with stress and that the August 12, 2019 incident caused him to cut himself on an ongoing basis, the undersigned finds that plaintiff's complaint does not plausibly allege a link between the August 14, 2019 incident and his allegations of cutting himself thereafter. First, while the complaint alleges that plaintiff cuts himself to relieve stress, it does not allege that he cut himself to relieve any stress he experienced as a result of the August 14, 2019 incident. Second, even looking to the additional allegations that plaintiff provides in his objections to the pending findings and recommendations, plaintiff has failed to connect the August 14, 2019 incident to him allegedly cutting himself in the following months. In a different action involving plaintiff, the undersigned found that plaintiff was in imminent danger at the time he filed his complaint in that action because he alleged that "that correctional officers—despite knowing that he has a tendency to harm himself and requires medication to alleviate such urges—deprived him of his medications, mocked his desire to harm himself, threatened him with retaliatory action, and suggested that he could have access to food and his medications if he withdrew his inmate grievance against them. Moreover, plaintiff alleged that he did in fact cut himself in coping with these incidents." *Williams v. Pilkerten*, 1:19-cv-00151-DAD-SAB (PC), (Doc. No. 7 at 6) (E.D. Cal. May 13, 2019). Unlike that case, here,

neither plaintiff's complaint nor his objections to the pending findings and recommendations contain any allegations from which this court can connect the alleged events of August 14, 2019 to plaintiff allegedly cutting himself.  *See Pauline v. Mishner*, No. CIV 09-00182 JMS/KSC, 2009 WL 1505672, at *2 (D. Haw. May 28, 2009) (recognizing that, when properly alleged, a suicidal prisoner could establish imminent danger of serious physical injury from his own suicidal impulses).

Accordingly:

1. The March 5, 2020 findings and recommendations (Doc. No. 5) are adopted in full;
2. Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) is denied; and
3. Plaintiff is ordered to pay the filing fee within forty-five (45) days of service of this order or face dismissal of this case for failure to prosecute and failure to obey a court order.

IT IS SO ORDERED.

Dated:   **April 14, 2020**                              /s/ Dale A. Drozd
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE